**Raul Garcia MALDONADO; et al., Petitioners,**

v.

**Peter D. KEISLER,\* Acting Attorney General, Respondent.**

No. 07–71406.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 10, 2007.\*\*

Filed Oct. 18, 2007.

Raul Garcia Maldonado, Lake Elsinore, CA, pro se.

Leticia Santos Zacarias, Lake Elsinore, CA, pro se.

---

\* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Dulce Leticia Garcia Santos, Lake Elsinore, CA, pro se.

Raul Ricardo Garcia Santos, Lake Elsinore, CA, pro se.

CAC–District, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, John G. Amaya, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, THOMAS and RAWLINSON, Circuit Judges.

## MEMORANDUM ***

On July 9, 2007, the court dismissed this petition for review for failure to file a response to the court's order to show cause. Petitioners have filed a motion to reinstate. The motion to reinstate is granted. The court has also received petitioners' response to the order to show cause. The Clerk shall file the response received July 25, 2007.

Respondent's motion to file late a motion to dismiss this petition for review and an opposition to the motion for stay of removal is granted. Respondent's motion to dismiss is construed as a motion to dismiss in part and motion for summary disposition in part.

A review of the response to the court's May 18, 2007 order to show cause, and the administrative record, demonstrates that petitioner Raul Ricardo Garcia Santos has presented no evidence that he has a qualifying relative as defined in 8 U.S.C. § 1229b(b)(1)(D). *See Molina–Estrada v. INS,* 293 F.3d 1089, 1093–94 (9th Cir. 2002). The BIA therefore correctly concluded that, as a matter of law, petitioner Raul Ricardo Garcia Santos was ineligible for cancellation of removal. Accordingly, respondent's motion for summary disposition with regard to petitioner Raul Ricardo Garcia Santos is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam).

We have reviewed the response to the court's May 18, 2007 order to show cause with regard to petitioners Raul Garcia Maldonado, Leticia Santos Zacarias, and Dulce Leticia Garcia Santos, and we conclude that petitioners have failed to raise a colorable constitutional or legal claim to invoke our jurisdiction over this petition for review. *See Torres–Aguilar v. INS,* 246 F.3d 1267, 1271 (9th Cir.2001). Accordingly, the motion to dismiss this petition for review with regard to petitioners Raul Garcia Maldonado, Leticia Santos Zacarias, and Dulce Leticia Garcia Santos for lack of jurisdiction is granted. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Romero–Torres v. Ashcroft,* 327 F.3d 887, 892 (9th Cir. 2003); *Montero–Martinez v. Ashcroft,* 277 F.3d 1137, 1144 (9th Cir.2002).

All other pending motions are denied as moot. The temporary stay of removal and voluntary departure confirmed by Ninth Circuit General Order 6.4(c) and *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), shall continue in effect until issuance of the mandate.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

PREGERSON, Circuit Judge, dissenting:

I dissent. This case, and the 60 others like it filed today, will have an adverse effect on children born in the United States whose parent/parents are illegal immigrants. When a parent is denied cancellation of removal, the government effectively deports the United States-born children of that parent. This unconscionable result violates due process by forcing children either to suffer de facto expulsion from the country of their birth or forego their constitutionally-protected right to remain in this country with their family intact. *See, e.g., Moore v. City of East Cleveland*, 431 U.S. 494, 503–05, 97 S.Ct. 1932, 52 L.Ed.2d 531 (1977) ("Our decisions establish that the Constitution protects the sanctity of the family precisely because the institution of the family is deeply rooted in this nation's history and tradition."); *Stanley v. Illinois*, 405 U.S. 645, 651, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972) (recognizing that "[t]he integrity of the family unit has found protection in the Due Process Clause of the 14th Amendment").

Furthermore, as a nation we should recognize that many who came here illegally and many children born of illegal immigrants serve and have served with honor and distinction in our military forces, and many have laid down their lives on the altar of freedom.

As I have said before, "I pray that soon the good men and women in our Congress will ameliorate the plight of families like the petitioners' and give us humane laws

that will not cause the disintegration of such families." *Cabrera–Alvarez v. Gonzales*, 423 F.3d 1006, 1015 (9th Cir.2005).